Mr. Schweitzer, you have 10 minutes, but you have reserved 2 minutes for rebuttal. You may proceed. Thank you. Thank you, Your Honors. Good morning, and may it please the Court. Excuse me, this, excuse me, the issue at, specifically the issue in this case is whether there is a duplicative action against the appellee, the defendant, Ying Ren, by my client Ming-En Wang. Mr. Wang initially commenced a Fair Labor Standards Act suit against three defendants and Corporation, its owner, whose name was known and who was named, and to John Doe, who was alleged to be his employer. Right. Now, look, we know the facts. I guess the question is, really, under Curtis, why isn't this a duplicate complaint? It alleges the exact same conduct, the exact same offense, the exact same period of time, right, same causes of action. In fact, the only difference is that the person who was a John Doe in the first complaint is now named in the second complaint, and the other named people from the first complaint are not in the second complaint, right? Exactly, and in order to be duplicative, Your Honor, the case has to be brought against the same person that has, excuse me. It's not merely a matter of whether there are identical claims. This is a joint employer case. Of course there are identical claims. Excuse me, the point, the question is whether Mr. Ren was a named defendant in the first case. But that's not what Curtis says, right? I mean, that talks about parties. It doesn't necessarily have to be the identical parties as long as the parties are in privity, right? Isn't that what the law is? Well, this is not a privity case. It's a joint employer case for which an employee can hold several employers jointly and several are liable. Excuse me, a theory of duplication on the contention that an employee is bringing the same claims against multiple employers would shut down joint employment entirely. So you're saying there's no privity between Saigon Spice and Mr. Ren? Mr. Ren is not an owner of Saigon Spice. He is the husband of the owner, and Mr. Ren directly supervised the plaintiff. Why do you need him for relief? The corporation is no longer a going concern. It hasn't been for some time. My understanding is the wife petitioned for bankruptcy in, I believe, 2019 and, in fact, notified the court and us of her petition for bankruptcy on the day of trial and that adjourned trial. The district court in the first case, in fact, took the view that amending the complaint to add Mr. Ren would add a new defendant. And, in fact, when that case ultimately did go to trial... Well, it would be a new defendant because he wasn't identified in the first complaint and he hadn't been served, right? Well, we took the position he was identified as the John Doe, but the... But he hadn't been served, so he wasn't a party, right? He had been served as a John Doe, but... No, he is the John Doe, so the parties are the same? We take that view. The court did not, and it's the court's decision that controls... Well, right, the court went with the privity theory. Right. But you are agreeing that Mr. Ren is one of the John Does in the first case? Yes. Okay. But, ultimately, the question is whether he was in the case, and the case went to trial. The case went before a jury, and the defendant's entire argument was, hey, you shouldn't hold the corporation or the wife liable because, in reality, it's the husband, Mr. Ren, who's liable, and Mr. Ren is not named in this case. I don't see how the court or the defense gets to have it both ways, where he's not a party when it's convenient, and he is a party in order to block the second case, which actually names him. Why didn't you join him when you first learned his name? We tried that, Your Honor. We learned his name during the course of discovery. In particular, he appeared as a representative of the corporation under 30b-6 at a deposition. He identified himself by name. So why didn't you join him at that point? Following that, we did move Judge Etkin to change the name John Doe to Haiying Ren. Because that was six months later, right, a couple days before the trial. Not a couple days before the trial. A couple weeks. It was at the pretrial conference. So two weeks before the trial is when you decided to make a motion to amend the complaint to add a new defendant, right? In our view, it wasn't to add a new defendant. It was to change the name of an existing defendant. In your view, it wasn't a big deal. I get that. But that's what the motion was. It was to add a defendant who had not been named or served before, right? That was the view the court took, that it was to add a new defendant. What other view is there? Our view was that he had been a defendant as a John Doe. So it was a motion to add somebody who had been a defendant? There's no such motion, right? It was a motion to change the name of an existing defendant, to add an alias, essentially. But he hadn't been served. I think you said earlier he'd been served as a John Doe. He'd been served process? Yes. As John Doe. How do you serve a John Doe? What does that return look like? What does that exercise look like? Excuse me. It looks like serving any other defendant. How does a marshal know who to look for? It wasn't a marshal. It was a process server. How does a process server know who to look for? The process server knows how the individual is described in the complaint, by their duties, by what they're supposed to be doing. So when was he served? Initially, with the initial complaint. And so at the time the initial complaint was served, a copy was handed by a process server to Mr. Wren as the John Doe, but yet at that moment, because you claim in your papers you didn't know until February of 2019 at the deposition that Mr. Wren was Mr. Doe. But you're telling me now that when you actually filed this complaint, you knew he was Mr. Doe. You knew sufficiently for someone to hand him process. Specifically to hand some person of suitable age and discretion at his place of business process. How did your process server know who this person was? A person is described as the on-site manager in the complaint. But that's not an adequate service. You think you can serve somebody with a John Doe warrant because it's at their place of business, and that constitutes service if the person knows that they have been served? Under CPLR 308, yes, I do. It seems to me that the real problem here is that you weren't happy with Judge Epkin's denial of your motion to amend. So then you run around that to start this case. But what you could do, or I think could have done at the time he's probably run now, is appeal the denial of the motion to amend in the first case, right? No, I don't think so, Your Honor. Why not? I don't think that would have been a final order disposing of the case, because the case was going on. Right. You wait until the end, and then after you have a final judgment, then you can say, well, the judge erred by not letting us add this other person. Why would you not be able to make that argument on appeal? I suppose we could have. Okay. Now, the Wang-Wan case has come to final judgment, right? Yes. There was a jury verdict. I believe there was entry of a judgment. I don't recall specifically. Okay. And so has there been an appeal? You're counsel in that case, right? Yes, Your Honor. Has there been an appeal of the denial of the motion to amend? No, Your Honor. And the time to do so has run? I don't know that, Your Honor. When was the judgment? Mid to late last year, I believe it was. Generally, you have to appeal within 30 days. Yes. All right. Well, I see you're over, but you've got two minutes for rebuttal. So let's hear from your adversary. Thank you, Your Honor. And that is Mr. Halsband. Yes. Am I saying that right? You did. Thank you, Your Honor. Good morning, Your Honors. David Halsband for the appellee. May it please the Court. The appellant had ample notice of Mr. Wren's identification. Even before his deposition in February of 2019, Mr. Wren, the corporation, the defendant corporation, identified Mr. Wren as the only person with knowledge of the allegations in the complaint and interrogatory answers. This was back in 2018. Then Mr. Wren appears for his own deposition on behalf of the corporation, identifies himself as the person who made all the decisions with respect to the way the appellant was paid. When was that? Excuse me? When was the deposition? In February of 2019. The motion was what? The motion to amend was made, I believe, at the end of May 2019, after the court had already closed discovery, had issued an order, I believe in March of 2019, saying, unless there's some extraordinary circumstances, everything is closed. They wait until the end of May 2019. They file a motion to amend when we have a trial date of June 10th. So on the June 3rd pre-trial conference, the district court denies the motion to amend, and it was styled as a motion to amend in clear violation of the prior scheduling orders, in clear violation. I don't think there's any question that in Wang 1, that the time to amend had long gone. But with respect to what we'll call Wang 2, this complaint, that's what's on appeal here. What's the response to Mr. Schweitzer's argument that there is no privity here, given the relationship of Mr. Ren to the defendants? There is privity. He was the manager of Spice Saigon, in addition to being the husband of the owner, but more importantly, the manager of Spice Saigon. And the cases say that employees are in privity with their employers when it comes to these cases. Is he an employee? He's alleged to have been an employer, right? And there's separate liability under the Fair Labor Standards Act, and there can be multiple or joint employers, right? He certainly is alleged to have been the employer of the appellant. With respect to the corporation, he's an employee of the corporation. He was a manager in a sense. He testified, he described his duties as establishing the rate of pay and the schedule for the appellant. But he didn't have an ownership role. He was not an owner of the corporation. And this is based on the complaint that you're talking now, or this is based on what you know from Wang 1? Well, we know that during discovery in Wang 1. Well, because right now, I mean, this was a motion to dismiss, right? And so, I mean, I guess on the basis of the complaint, the district court concluded this was a duplicate plea. Because the complaint, other than changing the names in the caption, it's identical. Wang 2 and Wang 1. Right, but what's the basis for making a determination about privity? Is it based on the complaint or is it based on something else? No, I believe it's based on the complaint because it alleges that he acted in the interest of Spice Saigon. And it repeatedly says that in Wang 2 in the complaint. So the case law is clear that he's in privity with Spice Saigon. And so based on the end, we know it's a duplicative complaint. And we know it was done, as the district court puts in his order, that it was done as an end run to circumvent his scheduling orders. Let me ask you this. As a practical matter, what could be the future of this case? I think you said that the enterprise is out of business and the one law defendant is in chapter. That's no longer the case, Your Honor. In June of 2019, the corporation, Spice Saigon, and the individual owner, Ying Yang, filed for bankruptcy. So that case was stayed for a period of time. The district court case here was stayed while the bankruptcy is on their way through. They emerged from bankruptcy. And so in October of 2022, a few months ago, we had a trial. The appellant had a jury trial. Judge Etkin presided. And the appellant now has a judgment against Spice Saigon, the corporation, and Ying Yang, the individual owner. So he has his relief. He has his relief in the form of a judgment against the corporation, which was not liquidated in bankruptcy. It came out of bankruptcy. And her and Ying Yang's bankruptcy did not discharge the appellant's claims. So he has obtained full relief in the trial court below. Wait, he's obtained full relief? He's collected? Yeah, I don't believe he's collected, but he's obtained a judgment that has not been discharged in bankruptcy. Right, but judgments, you know, can go uncollected. Are you aware of any case involving the Fair Labor Standards Act, where a court has dismissed the complaint as duplicative? I couldn't find any. Yeah, I don't recall if any of the cases I cited specifically were with the Fair Labor Standards Act. But the case law, including at this court in the Second Circuit, does talk about if a plaintiff files a second lawsuit simply because he has failed to amend his initial lawsuit and all the claims are the same. And even if the defendants are ---- What are you referring to? You said the Second Circuit. Are you referring to Curtis or something else, Satrodote or something else? Well, I'm referring to in the ---- Are you referring to a case? Excuse me? Are you referring to a case? Are you citing authority? Well, I'm referring, yes, Your Honor. I'm referring to the authority where the district court cases within my brief talk about the McFarland case, for example. The district court case. Yes. Sorry, I misspoke, Your Honor. But the principle is the same, that the district court has the power to control its docket and the plaintiff can't simply file a second lawsuit when he's failed in his efforts to amend. And even if he could go forward, wouldn't he face a race judicata bar? I think potentially, Your Honor, because the case has been tried. The same issue ---- It could have been litigated in case number one. It could have and it should have. And he tried to litigate it in case number one and it was only because he failed to amend in accordance with the district court's orders. Okay. Well, that might be the case now, I suppose. But at the time the complaint was filed, there was no race judicata argument. It was only, I mean, and duplicative pleading is sort of the prejudgment version of race judicata, right? Yes, Your Honor. Yes, Your Honor. All right. And you would agree the time to appeal the denial of the motion to amend in Wang 1 is long gone? I believe so. I don't have the exact date of the final judgment, but I do believe it was before because the trial was in October. So I do believe it was in 2022. I just don't have the exact date. And that clearly was his remedy, was to file an appeal of the motion to amend. All right. Are there any other questions? Seeing none, then we'll move on to Mr. Schweitzer for two minutes of rebuttal. Briefly, Your Honor, just to clarify something. The bankruptcies were ultimately withdrawn by the petitioners. Right. All right. But in any event, so you have a judgment now that you can collect on? Yes. Right. So they're not in bankruptcy. That's not preventing you from collecting. It still might be hard to collect, but you're not prevented from collecting. No, we're not. We do anticipate there being some fairly substantial difficulties collecting, but that's a practical matter and that's not on appeal. Excuse me. As far as the privity goes, I think, excuse me, I don't think the connection is there. Acting in the interest of Spice-Sigon vis-a-vis employees is the standard for an employer under the Fair Labor Standards Act and the New York law. But privity requires something different. Privity requires that you be able to bind the corporation contract. And there was no allegation here in the complaint, which is what's at issue here, not anything found out in discovery in Wang 1. And I would submit that there was nothing sufficient to establish privity discovered in Wang 1. Well, he's, I mean, your colleague there, Mr. Housman, said that the discovery showed him to be the manager of Spice-Sigon. Is that false? No, it's not. But it doesn't go to establish privity. It goes to establish control over employees. No, no, no, no. There's two different things. I mean, liability under the Fair Labor Standards Act will require that you have control to be a joint employer. For purposes of res judicata or for purposes of duplicative pleading, the inquiry is whether or not it's the same defendants or the same parties, or there is privity between the person named in the second complaint and a person who is named or a party in the first complaint. Privity does turn on things like employment. And so the manager of Spice-Sigon, you're saying, is not in privity with Spice-Sigon? Is that your position? Yes. You can be an employer or you can be an employee. Excuse me. He's a manager is what you just said. He's a manager. So the manager is not an employee? No, he's an employer. Okay, so the manager of McDonald's is not an employee of McDonald's. That's your position as a matter of law? As a matter of the applicable law, yes. The applicable law being what? Fair Labor Standards Act? Yes. But that privity is not about the Federal Fair Labor Standards Act. It is about – it is a doctrine like res judicata to determine whether or not the case can be dismissed because it's the same. It doesn't turn on the Fair Labor Standards Act. I mean, in fact, the claims here happen to be both under the Fair Labor Standards Act. But privity is designed to determine whether the parties are the same. And so there's ample case law that parties who are in an employment relationship are in privity. So is your position that Mr. Wren is not an employee of Spice-Sigon? Yes. And I think Your Honor was on to something when you asked Mr. Hausband whether there were any cases dismissing a putative employer under the Fair Labor Standards Act. And the reason why there aren't is because a privity doctrine here would destroy a joint employer. Why would it destroy a joint employer? Excuse me. Because immediately, if you have a corporate employer and you have an individual employer, the individual employer gets to turn around and say, hey, I'm in the position of being an employee of this corporation. I'm not. And, excuse me, you don't get to sue me because – I don't know. Privity would be a defense to a Fair Labor Standards Act claim? I think that's essentially what they've argued. Well – And I don't think that the court should recognize it. I don't think that the court should create such defense because the position – We're not talking about defense here. We're talking about a dismissal of a complaint for being duplicative. We're not talking about the defense that was used successfully or unsuccessfully and why and what. Well, you see it all the time in Fair Labor Standards Act cases. A corporation gets sued, its owners, its on-site supervisors get sued. But I just want to be clear on this because it seems to me, Mr. Schweitzer, what you're saying is that in a Fair Labor Standards Act case, you get to name a new defendant anytime you want. You are either entitled to have – amend the complaint on the eve of trial or you're entitled to bring a new action. There's not a darn thing the court can do about it. Right? That's really what you're saying. Excuse me. In these circumstances, will the court determine that Mr. Wren would be a new defendant to be added, had the complaint been amended, and rejected adding that new defendant? I think yes. We do get to bring a new case against that defendant. All right. Well, we will reserve decision. Thank you both. That concludes our argument for today. As I said, we have one case on submission and one motion on submission. Let me thank our courtroom deputy and ask her to adjourn the court. Thank you, Senator.